# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

gerrald@faillacelaw.com

October 7, 2016

**BY ECF**

Honorable LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**   **Romero Luna v. Windsor Cafe Inc., et al.**
>           **Case No. 15-cv-4098 (LDH) (PK)**

Your Honor:

I am counsel to plaintiff in this action, and I write to inform the court that the person who appeared telephonically on behalf of Defendants at yesterday's pre-trial conference, Clara Suh, is not in fact an attorney admitted to practice law in New York State or in the Eastern District.

Attached hereto as **Exhibit 1** is a true and correct copy of Ms. Suh's LinkedIn profile. As you can see, Ms. Suh's occupation is stated as "Associate at Hoffmann & Associates." Ms. Suh's profile also states that she is a "Barrister and Solicitor of the High Court of New Zealand."

Attached hereto as **Exhibit 2** is a true and correct copy of a search which my associate, Mr. Ellis, conducted on the website of the New York State Unified Court System. The search he conducted was for any attorney named "Clara S," and as Your Honor can see, Ms. Suh's name does not appear as an attorney licensed in New York. Mr. Ellis also called and spoke with the attorney admissions clerk in this District yesterday, and asked that a search be done for attorneys admitted in the Eastern District named "Clara S." The clerk did identify a handful of attorneys admitted in the Eastern District who fit that description, but the clerk could not locate a person named Clara Su or Suh who is admitted in this District.

Attached hereto as **Exhibit 3** are true and correct copy of docket reports from five (5) cases filed with the National Labor Relations Board ("NLRB"). As you can see, Ms. Suh appears as attorney of record in all five (5) matters.

Per New York Judiciary Law § 478:

It shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself or herself in a court of record in this state...or to hold himself or herself out to the public as being entitled to practice law as aforesaid...without having first been duly and regularly

Hon. LaShann DeArcy Hall, U.S.D.J.
October 7, 2016
Page 2 of 2

      licensed and admitted to practice law in the courts of record of this state, and without having taken the constitutional oath.

In turn, New York Judiciary Law § 485-a makes this conduct a felony where damages exceed $1,000.

      The unlawful practice of law includes counseling as well as court appearances, and extends to advice involving federal law as well as New York law. Spanos v. Skouras Theatres Corp., 364 F.2d 161, 165 (2d Cir. 1966). *See also* Spivak v. Sachs, 16 N.Y.2d 163, 166-167 (N.Y. 1965) ("the practice of law forbidden in this State by section 270 of the Penal Law . . . includes legal advice and counsel as well as appearing in the courts and holding oneself out as a lawyer") (construing former Penal Law § 270, the predecessor of Judiciary Law § 478).

      Also of note, Rule 5.5 of New York's Rules of Professional Conduct reads: "Unauthorized practice of law. (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction. (b) A lawyer shall not aid a nonlawyer in the unauthorized practice of law." 22 N.Y.C.R.R. 1200.

      Here, sadly, the facts are all too clear. Ms. Suh is not admitted to practice law in New York State or in the Eastern District of New York. Nevertheless, she appeared at yesterday's hearing on behalf of Defendants, and she made absolutely no effort to alert the Court to the fact that she is not an admitted attorney. To the contrary, Ms. Suh plainly held herself out as being admitted to practice law. Moreover, this appears to not be an isolated incident. Per **Exhibit 3**, Ms. Suh is attorney of record in at least five (5) NLRB matters.

      Wherefore, Plaintiff's request sanctions in the amount of $2,000, an amount sufficient to cover the time spent by Mr. Ellis and Ms. Santos in attending the pre-trial conference, and for such other and further relief as Your Honor deems just and proper. Thank you for your attention to this matter.

Respectfully Submitted,

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*

cc:    Andrew Hoffman, Esq. (by ECF)
       Tram LoPresto, Esq. (by ECF)
       *Attorneys for Defendants*