**HOFFMANN & ASSOCIATES**
Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN

TRAM D. LOPRESTO

October 7, 2016

**By ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                              Re:    Romero Luna v. Windsor Café, Inc., et al.
                                        Index No. 15-cv-4098 (LDH)(PK)

Dear Judge Hall,

      As you know, we represent defendants in the above-captioned matter and write in response to Mr. Faillace's motion for sanctions on the basis that Ms. Clara Suh is not an admitted attorney, filed with the Court today.

      To be clear, at no time did we represent that Ms. Suh is an admitted attorney. When I spoke to Ms. Suh after she appeared on the telephone conference with the Court, I specifically asked her if she advised the Court that she was not an admitted attorney. She advised me that although she referred to herself as an "associate" with our firm when Your Honor asked her to identify herself, she did not understand the term "associate" to mean an admitted attorney because in New Zealand, where she *is* an admitted attorney, the term "associate" is not commonly used, and when it is used it includes non-attorneys such as law clerks. She also advised me that she did in fact try to make it clear to the Court during the conference that she was not an admitted attorney in New York, but that she was told not to speak. So contrary to Mr. Faillace's claim that "she made no effort to alert the Court to the fact that she is not an admitted attorney" and that she "plainly held herself out as being admitted to practice law," this is simply not true. Ms. Suh is available at any time to attest to the above facts and that she has never, in this case or any others, intentionally held herself out to be one. She would also be willing to submit an affidavit to that effect should Your Honor so require.

Furthermore, Mr. Faillace makes mention of Ms. Suh's appearance before the National Labor Relations Board as support for his instant motion. However, what Mr. Faillace fails to mention is that the Rules and Regulations of the National Labor Relations Board does *not* require you to be an admitted attorney to represent parties and appear before the Board. Ms. Suh has done absolutely nothing wrong in appearing before the Labor Board.

In my letter submitted to the Court earlier today, I also advised the Court that the only two admitted attorneys in our office was myself and Mr. Hoffmann. Furthermore, plaintiff's counsel, Mr. Gerrald Ellis, sent me an email last night asking for the name of the "associate" who appeared and I responded to Mr. Ellis and made it clear that Ms. Suh was not yet an admitted attorney. I have attached a copy of our email communication for your reference.

We respectfully submit that Ms. Suh did not engage in "the unlawful practice of law" by appearing on the telephone with the court during yesterday's conference. She simply came on the call because she was the only one from our firm who was available when Your Honor called our office and made it clear that the Court needed to speak to someone *immediately*.

While we are extremely disappointed and sorry that Mr. Hoffmann and I failed to appear for a scheduled pre-trial conference due to our own administrative issues, we would never intentionally disregard a court appearance or allow an employee to hold themselves out as being admitted to practice law if they were not in fact admitted. Mr. Hoffmann and I once again apologize for our non appearance at yesterday's conference, however, we respectfully request that you deny plaintiff's motion for sanctions.

Thank you in advance for your consideration.

Respectfully submitted,

*[signature]*

Tram D. LoPresto